

FILED
JAN 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAIME LUEVANO, :
:
    Plaintiff, :
v. : Civil Action No. 08 0053
:
UNITED STATES PRESIDENT :
OF AMERICA, *et al.*, :
:
    Defendants. :

### MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application, and dismiss the complaint.

Plaintiff appears to allege that he has applied for a pardon and that the President of the United States has not responded to his application because White House staff have not shown him the application. *See* Compl. at 4. He demands a full investigation of this situation and compensation for the pain and suffering he has experienced. *Id.*

This Court is without the authority to direct the President of the United States to grant or even consider a pardon request, and also is without the authority to direct his staff to submit an application to him. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642, 643-44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" which "should . . . be free of judicial control"). Nor does this

Court have the power to compel an investigation into the allegedly "corruption conspiracy" about which plaintiff complains. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966) ("[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion.").

In addition, plaintiff's claim for damages in a civil rights action challenging the fact or duration of confinement must fail. Plaintiff must first establish that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation] of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus," *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and he does not satisfy this prerequisite.

Because plaintiff fails to state a claim upon which relief can be granted, the Court will dismiss this civil action pursuant to 28 U.S.C. § 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately on this same date.

_____
United States District Judge

Date: January 2, 2008